IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Danielle Christa Schaeffer aka Danielle C. Schaeffer, aka Danielle Schaeffer<br>Mark D. Schaeffer aka Mark Douglas Schaeffer, aka Mark Schaeffer<br>　　　　　　Debtor(s) | CHAPTER 13 |
| Nationstar Mortgage LLC<br>　　　　　Movant<br>　vs. | NO. 18-10620 PMM |
| Danielle Christa Schaeffer aka Danielle C. Schaeffer, aka Danielle Schaeffer<br>Mark D. Schaeffer aka Mark Douglas Schaeffer, aka Mark Schaeffer<br>　　　　　　Debtor(s) | 11 U.S.C. Section 362 |
| Scott Waterman<br>　　　　　Trustee | |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$11,184.68,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | May 2022 through September 2022 at $2,650.06/month |
| Suspense Balance: | ($2,065.62) |
| **Total Post-Petition Arrears** | **$11,184.68** |

2. The Debtor(s) shall cure said arrearages in the following manner:

　　a)　Debtor and Movant have agreed to a back-dated forbearance agreement for the payments due for the months of May 1, 2022 through November 1, 2022 which may be subject to extension upon mutual agreement or applicable law. Upon the expiration of the forbearance period on November 30, 2022, or as may be extended, Debtor shall make arrangements with

Movant to address the payments covered by the forbearance period along with the above-listed arrears.

  b) Regular post-petition payments shall resume on December 1, 2022 or upon the expiration of the forbearance period, whichever is later.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. If the parties do not reach an agreement regarding the payments covered by the forbearance period along with the current post-petition arrears within thirty (30) days of the expiration of the initial or extended forbearance period, or if any of the regular monthly mortgage payments the come due after the expiration of the forbearance period are not made within thirty (30) days of the date said payment is due, the Secured Creditor shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Secured Creditor may file a Certification of Default with the Court and the Court shall enter an Order granting the Secured Creditor relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant may file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 6, 2022

By: /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esq.
Attorney for Secured Creditor

Date: 9/12/2022

Robert J. Kidwell, Esq.
Attorney for Debtor(s)

Date: 9/23/2022

Scott Waterman, Esq.
Chapter 13 Trustee

Approved by the Court this 26th day of September, 2022. However, the court retains discretion regarding entry of any further order.

Patricia M. Mayer
Bankruptcy Judge